# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOE ANTHONY GONZALES,

Plaintiff,

v.

H. TATE, et al.,

Defendants.

Case No. 1:14-cv-01181 AWI DLB PC

FINDINGS AND RECOMMENDATIONS THAT ACTION GO FORWARD ON COGNIZABLE EIGHTH AMENDMENT CLAIM, AND THAT REMAINING CLAIM BE DISMISSED

THIRTY-DAY OBJECTION DEADLINE

Plaintiff Joe Anthony Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on July 29, 2014. He names H. Tate, M.D., S. Shiesha, M.D., D. Longcrier and J. Lewis as Defendants.

**A. <u>SCREENING STANDARD</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, where the events at issue occurred.

By way of background, Plaintiff explains that throughout his incarceration, he has been given mild medication for various chronic conditions. He has had three reconstructive surgeries to repair an ACL tear in his right knee. The third and final surgery was performed in January 2012. He was subsequently issued a permanent medical exemption for a supportive knee brace, which he

purchased with his own money. His treating sources at his prior place of incarceration also ordered physical therapy.

In July 2012, Plaintiff was exercising and felt a "pop" in his shoulder. He did not seek immediate medication attention because he hoped the pain would go away on its own.

In September 2012, Plaintiff was transferred from Ironwood State Prison to CCI. The pain in his shoulder had not subsided and he sought medical attention upon his arrival at CCI.

Dr. Lee became his treating physician. Between October 2012 and August 2013, Dr. Lee ordered x-rays, physical therapy, steroid shots and an MRI.

Dr. Schultz performed the MRI on Plaintiff's right shoulder and discovered tendinosis of the supraspinatus with mild interstitial tearing of the distal fibers, a tear of the posterior labrum and moderate degenerative changes of the acromioclavicular joint.

At a follow-up visit, Dr. Lee referred Plaintiff to a specialist in Lancaster. The specialist reviewed Dr. Schultz's report and explained that Plaintiff would require surgery. However, prior to surgery, the specialist ordered a second MRI with a dye injection.

In October 2013,[1] Plaintiff went for a follow-up visit where he discovered that Dr. Lee had been "rotated out." ECF No. 1, at 8. Defendant Tate was now his new primary care provider. At this visit, Defendant Tate cancelled his pain medication without reason, cancelled his physical therapy without reason and cancelled the second MRI without reason. In fact, Defendant Tate cancelled any and all treatment Plaintiff was scheduled to receive for his shoulder. Defendant Tate told Plaintiff that he was a prisoner, and that he didn't need his shoulder or knee because he can't work. He also told Plaintiff that his cellmate could dress him. Defendant Tate also told custody staff to take Plaintiff's knee brace, with no reason given. When Plaintiff told him that his knee would hurt without it, Defendant Tate replied, "So what, you can live with it. You're not going to die." ECF No. 1, at 8.

On October 22, 2013, Plaintiff submitted a grievance to Defendant Dr. Shiesha about his medical treatment and Defendant Tate. Defendant Shiesha forwarded the grievance to Defendant

[1] Plaintiff's complaint states the date as October 2014, though this is an error.

Tate. The appeal was ultimately granted in part because Plaintiff had seen a specialist in July 2013, and because Defendant Shiesha ordered Tylenol for Plaintiff's pain.

On December 5, 2013, Plaintiff appealed to Chief Support Executive Defendant Longcrier. Defendant Longcrier denied the appeal based on Defendant Tate's review of Plaintiff's complaint and his health history.

On January 5, 2014, Plaintiff appealed to Deputy Director Defendant Lewis. Defendant Lewis denied Plaintiff's grievance for the same reasons as Defendants Shiesha and Longcrier. He contends that Defendant Lewis used the same "misleading statements of inaccurate information, without independently reviewing Plaintiff's medical file, or interviewing Plaintiff themselves." ECF No. 1, at 9. Rather, Defendants' assessments were based solely on Defendant Tate's report, which was the subject of the grievance.

Plaintiff alleges that he has continued to ask for medical treatment because he is in continuous and intensifying pain. He states that he has lost mobility in his injured knee and shoulder.

Based on these facts, Plaintiff alleges violations of the Eighth and Fourteenth Amendments.

## C. DISCUSSION

### 1. Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind

is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, Plaintiff's allegations that Defendant Tate cancelled his shoulder treatment and took his knee brace are sufficient to state an Eighth Amendment claim against him.

Plaintiff's allegations also state a claim against Defendants Shiesha, Longcrier and Lewis in their roles in reviewing Plaintiff's medical appeals. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).[2]

2. Fourteenth Amendment

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff believes that the manner in which his appeals were handled, i.e., by involving Defendant Tate in the decision-making process, denied him "meaningful review." ECF No. 1, at 10. However, as explained above, Plaintiff does not have a due process right to have his grievances handled or decided in a particular manner. He therefore fails to state a due process claim against any Defendant. This cannot be cured by amendment.

**C. FINDINGS AND RECOMMENDATIONS**

For the reasons set forth above, the Court HEREBY RECOMMENDS that this action go forward against Defendants Tate, Shiesha, Longcrier and Lewis for violation of the Eighth Amendment. The Court further RECOMMENDS that Plaintiff's Fourteenth Amendment claim be DISMISSED for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)

[2] Plaintiff will be instructed on service by separate order.

days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 11, 2015**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE